**Rudolph J. MAES and Leola Maes, on behalf of themselves and all other persons similarly situated, Plaintiffs,**

v.

**MOTIVATION FOR TOMORROW, INC., a corporation, Webster Home Plan Inc., a corporation, etc., Defendants.**

**No. 72968.**

United States District Court,
N. D. California.

March 7, 1973.

Robert Goldstein, Margie Gelb, John Erickson, Legal Aid Society of Alameda County, Oakland, Cal., for plaintiffs.

Blair White, Oakland, Cal., for defendants.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This is an action brought by Rudolph and Leola Maes under the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq., seeking damages against defendants Motivation for Tomorrow ("Motivation") and its associate, Webster

Home Plan, Inc., for their alleged failure to comply with disclosure requirements provided under 15 U.S.C. § 1638, and Regulation 15 C.F.R. § 226.8 promulgated thereunder, in connection with the sale of certain books and study aids by defendant Motivation to plaintiffs.[1]

The complaint alleges that plaintiffs purchased from Motivation on credit two sets of encyclopedias, a dictionary, a set of books entitled "Best Loved Classics," and a "teaching machine" with ten home study programs pursuant to an agreement of sale, a copy of which is attached as an exhibit to the complaint; that defendants failed to clearly and conspicuously disclose in the agreement the finance charge, the number of payments, the down payment, the cash price, and the sum of all payments required to repay the indebtedness under the agreement as required under 15 U.S.C. § 1638 and Regulation 15 C.F.R. § 226.8; and, that defendants failed to properly designate in the agreement the cost of credit, the cash price, the sum of the cash down payment and any trade-in, the unpaid balance of the cash price, the amount financed, and the deferred payment price, as also required by said statute and regulation.

On the basis of the foregoing allegations, plaintiffs seek damages in the amount of twice the finance charge provided in the agreement, the remedy provided under 15 U.S.C. § 1640.

The action is now before the court on defendants' motion to dismiss or, in the alternative, for summary judgment.

Defendants urge dismissal of the complaint under F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. They contend that the disclosures which plaintiffs claim were required here under 15 U.S.C. § 1638 and 12 C.F.R. § 226.8 are made applicable under those provisions only to consumer credit sales *not* under an "open end credit" plan; that Regulation 12 C.

F.R. § 226.2(r) promulgated under the Act defines "open end credit" to mean:

"consumer credit extended on an account pursuant to a plan under which (1) the creditor may permit the customer to make purchases or obtain loans, from time to time, directly from the creditor or indirectly by use of a credit card, check, or other device, as the plan may provide; (2) the customer has the privilege of paying the balance in full or in installments; and (3) a finance charge may be computed by the creditor from time to time on an outstanding unpaid balance;"

that the agreement executed by plaintiffs, which is attached to the complaint, bears the designation "open end installment account" and contains the following language:

"Additional Products or Services may be purchased by the buyer from time to time and added to the balance of this Open Account within credit limits established by the creditor;"

and, that the sale in question was therefore pursuant to an "open end credit plan" and not subject to the disclosure requirements of 15 U.S.C. § 1638.

Plaintiffs, recognizing that the disclosure requirements upon which they rely do not apply to "open end credit" transactions, contend that the complaint does not show, as a matter of law, that the purchases made by plaintiffs were under an "open end credit" plan; that the complaint alleges only that defendant Motivation sold certain items to plaintiff on credit in a single transaction; that the agreement attached to the complaint does not show that there was a "plan" providing for further extensions of credit or that future purchases were contemplated by the parties; that the mere recitations in the agreement concerning additional purchases do not establish that the purchases were made under an "open end credit" plan; and, that the complaint should not be dis-

---

1. Plaintiffs bring this as a purported class action. No determination under F.R.Civ. P. 23 has yet been made, however, as to whether this is properly maintainable as a class action.

missed and plaintiffs should be given the opportunity to show by evidence that this transaction was *not* under an open end credit plan.

The issue, therefore, is whether the complaint on its face establishes that the purchases here in question constituted an "open end credit" transaction.

■ The term "open end credit," as it is defined in the regulations, clearly means credit extended pursuant to a plan providing for and contemplating continuing or repetitive transactions on credit. The regulations make clear the requirement that there be a "plan" providing for continuing credit purchases. The word "plan" appears several times in Regulation 12 C.F.R. § 226.2(r), supra; also, Regulation 12 C.F.R. § 226.-203 provides that "the fundamental qualification for 'open end credit' under § 226.2(r) is that consumer credit be extended on an account pursuant to a *plan* . . ." (emphasis added). That provision provides further that a characteristic of an open end credit account plan is that "it is contemplated that there will or may be *repetitive* transactions on a revolving basis." (emphasis added). It is evident, therefore, that the term "open end credit," as it is used in these regulations, is intended to distinguish single purchase credit transactions, which are subjected to more stringent disclosure requirements, from transactions made under a revolving or continuing credit arrangement, such as under credit card or charge accounts,[2] where such extensive disclosures are not practicable.

■ The meaning of the term "open end credit" under the regulations indicates that more is required to establish that a purchase is made under an "open end credit" arrangement than the recitations in the agreement upon which defendants rely. If it were otherwise, a creditor could easily exempt what is in reality a single credit sale from the dis-

closures required under 15 U.S.C. § 1638 and thereby frustrate the Congressional purpose of providing meaningful disclosure of credit terms to the consumer[3] merely by including such language in the agreement of sale—when in fact no continuing or revolving credit plan was contemplated by the parties.

Here, the only reference in the agreement of sale suggesting that an "open end credit" plan was contemplated is the language to the effect that additional purchases could be made on the customer's account. With this one exception, the remainder of the agreement speaks in terms of and appears to relate only to the purchases that were made when the agreement was signed. The language relied upon by defendants does not conclusively show that the parties contemplated "repetitive transactions on a revolving basis" as required under 12 C.F.R. § 226.203, supra. Nor does that language establish that the agreement provided a "plan" for the furnishing of future credit. These are determinations that can be made only on the basis of evidence showing what was in fact the intent of the parties.

Furthermore, the provision relied upon by defendants, stating that additional purchases could be made, but only "within credit limits established by the creditor," gives rise to an ambiguity on the face of the agreement as to whether the agreement contemplated an "open end credit" arrangement. This proviso suggests that credit would be extended only on a purchase by purchase basis, i. e., only if the creditor was satisfied that the customer's credit standing was good and only upon such terms as might later be agreed to by the creditor, rather than on a revolving or continuing basis. This ambiguity requires us to look beyond the four corners of the written agreement to determine the true intent of the parties based on the circumstances surrounding the execution of the written agreement.

---

2. See, U.S.Code Cong. & Adm.News, 90th Cong., 2d Sess., Vol. 2 (1968), at p. 1981.

3. 15 U.S.C. § 1601.

■■ For these reasons, we cannot conclude from the face of the complaint that, as a matter of law, the transaction here in question was an "open end credit" transaction and that the complaint should therefore be dismissed. A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (DeWitt v. Pail, 366 F.2d 682 (9th Cir. 1966)). If plaintiffs can show that the sales in question were *not* made under an open end credit plan, and, that the disclosures required under 15 U.S.C. § 1638 were not made, then they will be entitled to the relief sought.

Accordingly, defendants' motion, insofar as it seeks to dismiss the complaint, should be, and the same is hereby denied.

■ Defendants move in the alternative for summary judgment. They contend that on the record before the court there is no factual dispute that the contract and purchases here were an "open end credit" transaction; that they have complied with the disclosure requirements applicable to such a transaction; and, that plaintiffs' claims must fail as a matter of law.

In addition to relying on the language of the agreement, already discussed above, to the effect that additional purchases could be made on the customer's account, defendants base their motions on two affidavits of Condon and White. Since we have already concluded, in denying that motion to dismiss, that the language in the agreement concerning additional purchases does not conclusively establish that the transaction here in question was pursuant to an "open end credit" plan, we must look to defendants' supporting affidavits to determine whether they show that there is no genuine issue as to any material fact and that defendants will prevail as a matter of law.

The affidavit of Condon, President of "Interfax, Inc.," apart from failing to explain Interfax's connection with this lawsuit, appears to have been submitted only to show that a periodic statement sent to plaintiffs by Interfax conforms with disclosure requirements applicable to credit transactions under an "open end credit" arrangement. It has no relevance to the issue whether the transaction here was under an "open end credit" plan, other than its statement that advertising brochures are sent to plaintiffs from time to time.

The affidavit of White, counsel for defendants, incorporates by reference copies of two other affidavits purporting to authenticate an attached transcription of a recorded telephone conversation between plaintiff, Leola Maes, and a Motivation representative. The only relevant portion of this transcript is an acknowledgment made by Mrs. Maes in response to a question that a Motivation sales representative informed her that, depending on her credit standing, she could purchase additional merchandise from a catalogue and add it to her account. This acknowledgment adds little to the recitation in the agreement that plaintiffs may make additional purchases on their account and, therefore, falls short of establishing, as a matter of law, that the credit transaction involved here was under an "open end credit" plan.

Further, these statements are disputed by Leola Maes' affidavit filed by plaintiffs in opposition to summary judgment, stating that at no time during defendants' sales presentation was mention made of the possibility of making or opening an account for future purchases. This conflict between the two affidavits indicates a factual dispute material to the issue whether the parties contemplated their agreement as providing for future purchases on credit under an open end credit plan.

For the foregoing reasons, it is ordered that defendants' motion for summary judgment should be, and the same is hereby, denied.