**Ferdinand DUMAS and Joannie Allen Dumas, Plaintiffs,**

v.

**HOME CONSTRUCTION COMPANY OF MOBILE, INC., Defendant.**

**Civ. A. No. 77–269–H.**

United States District Court,
S. D. Alabama, S. D.

Dec. 7, 1977.

Larry T. Menefee, and Gregory B. Stein, Mobile, Ala., for plaintiffs.

Maury Friedlander, Richard L. Thiry, Mobile, Ala., for defendant.

HAND, District Judge.

This cause coming on for hearing before the Court on the 1st day of December, 1977, and the Court having considered the pleadings, arguments of counsel, memoranda of law propounded by counsel, and the applicable law, finds as follows:

## FINDINGS OF FACT

1. The plaintiffs in this action are residents of Mt. Vernon, Alabama. The defendant is an Alabama corporation with its principal place of business in Mobile, Alabama. Jurisdiction of this Court is sought to be invoked pursuant to Title 15, U.S.C.A., § 1640. The plaintiffs also seek to litigate, pursuant to the pendent jurisdiction of this Court, claims arising under Title 5, §§ 323 and 330 of the Code of Alabama (Cum. Supp.1971) and claims of intentional infliction of emotional distress arising under traditional state tort law.

2. During November of 1972 the defendant constructed a den as an addition to the plaintiff's home, and took a mortgage on the plaintiff's home to secure the payment of the purchase price therefor. The transaction was evidenced by instruments dated October 30, 1972. While the cash price of the work was to be $3,680.00, the actual arrangements called for eighty-four (84) monthly payments of $87.43 per month—a total price of $7,344.12. Such contract produced a charge of approximately 14.22 percent add-on interest. The plaintiffs received no disclosure statements nor notice of right to rescind at the time of this transaction, but they did make monthly payments under this agreement until February of 1975. However, all questions relating to the 1972 transaction are barred by the release entered into in 1975 by the plaintiffs' agreement to hold defendant harmless on all claims arising under the 1972 transaction. (Plaintiffs' Exhibit F).

3. The plaintiffs contacted attorney Marion R. Vickers in February of 1975 to represent them in negotiations with the defendant, which had been threatening foreclosure. On June 19, 1975, after months of negotiations, the plaintiffs entered into a new agreement with the defendant by which they promised to pay to the defendant the sum of $44.67 per month for 120 months—a total price of $4,960.40. (Plaintiffs' Exhibit B). The agreement reflected defendant's acknowledged receipt of the first thirty-five (35) payments—$1,563.45—and provided that the 36th installment was due on December 20, 1975. The agreement purportedly represents interest to be at 8% per annum. At the time of this agreement, no disclosure statement nor notice of right to rescind was provided to the plaintiffs by the defendant.

4. After the June 19, 1975 agreement, the plaintiffs made fifteen (15) monthly payments of $44.67 each (plaintiffs' Exhibit G). In April of 1977 the plaintiffs sent two checks to the defendant, dated April 20 and April 21, 1977, in payment of the March and April installments. These checks were returned to the plaintiffs accompanied by a letter dated April 26, 1977 that informed the plaintiffs that foreclosure proceedings had been commenced by the defendant against the plaintiffs on the mortgage. (Plaintiffs' Exhibit I). The plaintiffs, through their attorneys, then gave notice to the defendant of the rescission and cancellation of the June 19, 1975 note and mortgage in a letter dated May 5, 1977. (Plaintiffs' Exhibit J). Included in the letter was a demand that all payments be returned to the plaintiffs and that all necessary steps be taken to cancel the mortgage and note within ten (10) days.

5. The plaintiffs made no further payments to the defendant pursuant to the 1975 note. On June 27, 1977 this Court enjoined the defendant "from instituting or maintaining any foreclosure proceedings against the property of the plaintiffs pending a final determination of this litigation, conditioned upon the plaintiffs not falling more than three payments delinquent in their obligation to Home Savings & Loan Association and maintaining current payments for insurance and property taxes on the property." (preliminary injunction order of June 27, 1977).

6. On September 23, 1977 the defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, contending that there existed no dispute as to any material fact and that the defendant was entitled to summary judgment as a matter of law. The defendant's position was premised on the pleadings, the exhibits attached thereto, and the pretrial briefs of counsel.

## CONCLUSIONS OF LAW

■ 1. The Court is convinced that the only issue ripe for summary adjudication is the question whether the June 19, 1975 settlement amounted to a consumer credit transaction that would invoke this Court's jurisdiction under Title 15, U.S.C.A., §§ 1601 et seq.

2. The Consumer Protection Act of 1968 applies by its terms to any creditor with respect "to each person to whom consumer credit is extended and upon whom a finance charge is or may be imposed." Title 15, U.S.C.A., § 1631. The purpose of the Act is to improve consumer credit protection through a more informed use of credit. *Manning v. Princeton Consumer Discount Company, Inc.*, 533 F.2d 102 (5th Cir. 1976); *Joseph v. Norman's Health Club, Inc.*, 532 F.2d 86 (7th Cir. 1976); *Philbeck v. Timmers Chevrolet, Inc.*, 499 F.2d 971 (5th Cir. 1974); *Littlefield v. Walt Flanagan & Company*, 498 F.2d 1133 (10th Cir. 1974); *Eby v. Reb Realty*, 495 F.2d 646 (9th Cir. 1974); *W. T. Grant Company v. C. I. R.*, 483 F.2d 115 (2nd Cir. 1973); *Burgess v. Charlottesville Savings & Loan Association*, 477 F.2d 40 (4th Cir. 1973); *Wachtel v. West*, 476 F.2d 1062 (6th Cir.) *cert. denied*, 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114 (1973); *Gardner & North Roofing & Siding Corp. v. Board of Governors of Federal Reserve System*, 150 U.S.App.D.C. 329, 464 F.2d 838 (1972). Apparently no Court has yet considered the question whether § 1631 applies to a negotiated settlement of a consumer credit transaction executed more than two years prior to the settlement negotiations. The only guidelines for the Court in this area are the Truth-in-Lending Regulations, Title 12, C.F.R., §§ 226.1 et seq., commonly known as Regulation Z.

3. The first type of relief requested by the plaintiffs is rescission of "the contracts, mortgages, notes and other agreements entered into by the plaintiffs with the defendant" and restoration of "all payments they have made under said contracts, mortgages, and notes." (complaint, paragraph 18). If the 1975 agreement is construed to be a new § 1631 transaction, then § 1635 governs and the plaintiffs have the right to rescind such agreement at any time prior to June 19, 1978. If, on the other hand, the 1975 agreement was a refinancing of the 1972 agreement, then Regulation Z controls and

there is no right of recission: "If the amount of such new transaction does not exceed the amount of the unpaid balance plus any accrued and unpaid finance charge on the existing obligation, § 226.9 (right to rescind provision) does not apply to the transaction." Title 12, C.F.R., § 226.903(b).

The Court is of the opinion that Regulation Z is controlling in this matter and that the plaintiffs have no right of rescission by virtue of § 226.903(b). The Court is persuaded that the 1975 agreement is of the type conceived by the framers of Regulation Z, for it applies by its terms to situations in which the creditor allows the debtor "to execute a new note, contract, or other document evidencing the transaction under the terms of which one or more or the original credit terms, including the maturity date of the obligation, are changed." Title 12, C.F.R., § 226.903. Since Regulation Z is controlling, and the effect of the 1975 agreement was to lower the plaintiffs' indebtedness on the 1972 contract from a total of $7,344.12 to a total of $4,960.40, and lower the unpaid balance from approximately $5,000.00 to $3,796.95; therefore, the amount of the new transaction did not exceed the amount of the unpaid balance plus all accrued and unpaid finance charges on an existing obligation, thus plaintiffs have no right to rescind the 1975 agreement pursuant to Title 12, C.F.R., § 226.9. The Court being of the opinion that the 1975 agreement was a Regulation Z refinancing, Title 15, U.S.C.A., § 1635 has no application in this matter.

■ 4. The plaintiffs also seek damages pursuant to Title 15, U.S.C.A., § 1640 for failure to disclose those matters required to be disclosed under Title 12, C.F.R., § 226.8. Without reaching the merits of this claim the Court is of the opinion that such allegations are time-barred by virtue of § 1640(e), which provides, in pertinent part: "Any action under this section may be brought . , . within one year from the date of the occurrence of the violation."

Although the Court has concluded the 1975 agreement was a Regulation Z refinancing rather than a § 1631 credit transaction, Title 12, C.F.R., § 226.903 provides that "Such refinancing constitutes a new transaction, and all disclosures required under § 226.8 must be made." The defendant did not make the required disclosures at the time of the 1975 agreement, and the Court is of the opinion that a cause of action arose for the plaintiffs on June 19, 1975. However, the plaintiffs failed to bring this action within the time allowed by the statute and are now barred from asserting such claims.

5. The Court is of the opinion that the federal claims resting upon the Consumer Credit Protection Act of 1968 are without merit and that the defendant's motion for summary judgment is due to be and the same is hereby GRANTED. There being no federal issue upon which to pend the state law claims, the Court is of the opinion that such claims are due to be and the same are hereby DISMISSED. *Fogarty v. Security Trust Company*, 532 F.2d 1029 (5th Cir. 1976); *Florida East Coast Railroad Company v. United States*, 519 F.2d 1184 (5th Cir. 1975). Therefore, this Court is of the opinion that this action is due to be and the same is hereby DISMISSED, without prejudice to the rights of the plaintiffs to seek further litigation on the state law claims in state courts.

The preliminary injunction entered by this Court on June 27, 1977 is due to be and the same is hereby dissolved.