Joseph **FRENCH** and Constance French, Plaintiffs,

v.

Thomas **WILSON,** City Clerk, City of Warwick and Warwick Credit Union, Defendants.

Civ. A. No. 75–0196.

United States District Court, D. Rhode Island.

March 9, 1978.

Rhode Island Legal Services, Inc., Providence, R.I., for plaintiffs; John M. Sears, Alden C. Harrington, Providence, R.I., of counsel.

Edward J. Mulligan, Warwick, R.I., Leo X. McCusker, Providence, R.I., for defendants.

## OPINION

DAY, Senior District Judge.

This is a civil action which at this juncture involves the applicability to this case of Subchapter I of the Consumer Credit Protection Act, more commonly known as the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* and the regulations thereunder, Regulation Z, 12 C.F.R. § 226.1, *et seq.* This Court on March 11, 1977 denied defendant's motion to dismiss and deferred ruling on plaintiffs' motion for partial summary judgment pending the filing by the parties herein of additional statements and memoranda. Reargument on the issue of summary judgment having recently been heard, plaintiffs' motion for partial summary judgment and defendant Warwick Credit Union's motion for summary judgment are presently ready for determination.

The Court hereby finds these facts, as they appear in this case, to be undisputed:

(1) Plaintiffs owned a parcel of land and the home situated thereon which was located on Winter Street next to a restaurant in the city of Warwick.

(2) The owners of said restaurant, in need of additional parking space for the business, purchased said property from the plaintiffs, who were allowed to keep ultimate ownership of the home located thereon if they moved it to a new location.

(3) The home temporarily remained on its original location (for which plaintiffs paid rent to the restaurant owners) until a new lot could be acquired and made ready to accommodate it.

(4) On June 28, 1973, plaintiffs purchased a vacant lot on Mawney Avenue in the city of Warwick using $7,000 borrowed from defendant Warwick Credit Union. Said loan was secured by the land purchased.

(5) On October 1, 1973, plaintiffs borrowed $12,000 from the same defendant, the proceeds of which were used to repay the June obligation in full, with the balance being primarily used to enable plaintiffs to move their home from its original location to the new site. Said loan was secured by a mortgage on the plaintiffs' land and the home located thereon.

(6) On May 13, 1975, plaintiffs gave a notice of rescission of the October 1, 1973 transaction to defendant Warwick Credit Union.

(7) Said defendant did not respond to such notice of rescission.

Although this is an unusual case, it is the opinion of this Court that there remains no dispute as to any *material* fact herein. The complexities arising in this case solely involve questions of *law*, primarily issues of statutory interpretation. Therefore, the Court, for reasons to be discussed, is constrained to grant plaintiffs' motion for partial summary judgment.

In examining this case, the Court must decide as a matter of law the key issue of whether or not the rescission portion of the Truth in Lending Act and Regulation Z thereunder are applicable to the above-stated undisputed facts.[1]

 Before proceeding further, it is necessary to show why the argument of defendant Warwick Credit Union that the Truth in Lending Act does not apply to this case is without merit. Defendant Warwick Credit Union primarily relies on certain exceptions to the right of rescission afforded by the Act. The right to rescind does not apply to the creation, retention, or assumption of a first lien or equivalent security interest to finance the *acquisition of a dwelling* in which the customer resides or expects to reside.[2] (Emphasis added.) It is an undisputed fact that plaintiffs herein had *owned the dwelling* in question for quite some time before the October 1, 1973 loan. Therefore, it is misplaced to argue that this exception to the Act applies, since the October loan transaction clearly was not used to finance what was already owned by plaintiffs. Another exception to the right of rescission upon which defendant relies deals with a security interest which is a first lien retained or acquired by a creditor in connection with the financing of the *initial construction* of the residence of the customer, or in connection with a loan committed prior to the completion of construction of a customer's residence to satisfy that construction loan and provide permanent financing of that residence.[3] (Emphasis added.) In this case, however, it is beyond dispute that the dwelling in question

---

1. In its Opinion of March 11, 1977, this Court stated: "The Warwick Credit Union contends that the plaintiffs' claim under the Truth in Lending Act is barred by the one year statute of limitations found in 15 U.S.C. § 1640(e). That limitation, however, applies to actions for statutory damages instituted pursuant to 15 U.S.C. § 1640, not to the instant action involving an alleged rescission under 15 U.S.C. § 1635."

2. 15 U.S.C. § 1635(e); 12 C.F.R. § 226.9(g)(1).

3. 12 C.F.R. § 226.9(g)(2).

had been *in existence* for many years before the October loan transaction. Since a pre-existing dwelling was involved here (and it appears that such dwelling had already been affixed to its new location and was indeed owned by plaintiffs when the October loan transaction was entered into), it becomes evident that any "construction" exception argument propounded by defendants must likewise be rejected.

 The Court therefore finds as a matter of law that the Truth in Lending Act and Regulation Z *do* apply to the October loan transaction. The implication of such finding is that defendant Warwick Credit Union should have made its October transaction conform to the protections afforded borrowers by the Truth in Lending Act. *See Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); *Fletcher v. Rhode Island Hospital Trust National Bank,* 496 F.2d 927, 935 (1st Cir. 1974), cert. denied, 419 U.S. 1001, 95 S.Ct. 320, 42 L.Ed.2d 277 (1974); *Sosa v. Fite,* 498 F.2d 114 (5th Cir. 1974); *In re Dunne,* 407 F.Supp. 308, 310 (D.R.I.1976). In particular, the Court finds that in addition to several violations in the disclosure form prepared by said defendant,[4] a crucial omission by defendant upon which this case can be decided was the failure to notify plaintiffs of their right to rescind [5] the October loan transaction within 72 hours, the so-called "cooling off" period which the Truth in Lending Act mandates.[6]

Conceptually, the facts of this case are somewhat analogous to the situation where a borrower finances a home improvement loan. Where the borrower is a homeowner who borrows money to improve the very "roof over his head," it is important that such borrower be given all protections mandated by the Truth in Lending Act, especially the right to rescind during the cooling off period. This protects a borrower from hastily entering into financing arrangements where the possibility exists that he could lose his home upon default if he should reconsider and attempt to disavow the contract entered into. Although plaintiffs herein were "improving" their home in an unconventional manner—by moving it to another location away from a restaurant—they nonetheless should have been given every safeguard provided by the Act, including disclosure of the statutory right to rescind.

The Court now turns its attention to the effect of plaintiffs' May 13, 1975 unilateral rescission of the October 1, 1973 transaction. Under the dictates of 15 U.S.C. § 1635(b) and § 226.9(d) of Regulation Z, the effects of such a rescission are as follows:

(1) The borrower is not liable for any finance charge;

(2) any security interest becomes void;

(3) the creditor must return any money paid by the borrower within 10 days and terminate any security interest created;

---

4. *See* Regulation Z, § 226.8. The Court notes that civil damages pursuant to 15 U.S.C. § 1640 appear to be time-barred with respect to any disclosure violations evident in the October 1, 1973 transaction, since plaintiffs filed their complaint on June 18, 1975. *See* 15 U.S.C. § 1640(e).

5. A close reading of the October 28, 1974 amendment to 15 U.S.C. § 1640(a), which conditions civil liability upon the failure "to comply with any requirement imposed under this part . . . of this subchapter," would indicate that the later failure by defendant Warwick Credit Union to act upon plaintiffs' notice of rescission is *not* time-barred by 15 U.S.C. § 1640(e), and may make said defendant amenable to statutory damages. *See* this *Opinion, infra* at 221.

6. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.9. Under the dictates of *Sosa v. Fite, supra,* absent disclosure by the creditor of the right to rescind, such right attaches to, and remains with the borrower until such time when the creditor discloses such right. It is undisputed that neither the right to rescind nor any effort to cure disclosure defects was ever made by defendant Warwick Credit Union in the instant case. *See* 15 U.S.C. § 1635(f) and 12 C.F.R. § 226.9(h), amendments which clearly evince a legislative intent to allow the right to rescind to continue for three years under defined circumstances. *See also Burley v. Bastrop Loan Company, Inc.,* 407 F.Supp. 773, 776 (W.D.La.1976); *Gerasta v. Hibernia National Bank,* 411 F.Supp. 176, 190 (E.D.La.1976).

(4) if the creditor has delivered any property to the borrower, the borrower may retain possession of it until the creditor has fulfilled his statutory obligations.

■ Applying these requirements to this case, when defendant Warwick Credit Union received plaintiffs' notice of rescission, had it complied with the Act (instead of attempting to foreclose) by then returning any money paid by the plaintiffs within 10 days and terminating any security interest created, plaintiffs would have then had to return whatever amounts they had received from such defendant and defendant would have suffered relatively minor pecuniary loss. *Sosa, supra* at 118–119. However, since the defendant did *not* comply with the above-stated statutory requisites, it becomes amenable to the rather harsh legislative remedy which the Truth in Lending Act imposes upon errant creditors.[7]

The Truth in Lending Act has been interpreted as being "remedial in nature" and "must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." *N. C. Freed Company, Inc. v. Board of Governors of Federal Reserve System,* 473 F.2d 1210, 1214 (2nd Cir. 1973), cert. denied, 414 U.S. 827, 94 S.Ct. 48, 38 L.Ed.2d 61 (1973). *See also Littlefield v. Walt Flanagan and Company,* 498 F.2d 1133, 1136 (10th Cir. 1974); *Ratner v. Chemical Bank New York Trust Company,* 329 F.Supp. 270 (S.D.N.Y.1971). As the Court in *Starks v. Orleans Motors, Inc.,* 372 F.Supp. 928, 932 (E.D.La.1974), aff'd mem., 500 F.2d 1182 (5th Cir. 1974) aptly stated: "Where the nature of an act is remedial, as here, it should be construed liberally in an attempt to provide the remedy, not avoid it." As such, this Court therefore looks to the teachings of *Sosa,*[8] *supra* at 119, for the remedy to be imposed in this case:

"Congress' intended operation of the statute, as evidenced by the 1635(b) creditor-forfeiture provision, therefore clearly calls for a debtor windfall if the creditor does not set about to rectify his earlier nondisclosures in the manner envisaged by the statute. In fact, the Act flatly provides that if his creditor continues in his untoward ways, the debtor incurs no obligation to pay for property which he is at the same time entitled to keep. That this result was intended is clear beyond peradventure, for one of the measure's principal sponsors in the House stated: "[I]f the seller does not come back to pick up [his property] after a 10-day period [following the notice of rescission], the buyer can keep this item and he does not even have to pay for it. . . ." 114 Cong.Rec. 14398 (1968) (remarks of Congresswoman Sullivan)."

Under the aforementioned statutory guidelines for rescinded transactions, defendant Warwick Credit Union, having continued in its "untoward ways" in this case by failing to give effect to plaintiffs' notice of rescission, must therefore cancel the October 1, 1973 mortgage, as well as return the note to plaintiffs together with all monies paid by them under such note. Such a result helps to assure self-enforcement and ultimately promotes uniform compliance by creditors with the Truth in Lending Act.

■ Defendant Warwick Credit Union alternatively argues that it can avail itself of the "good faith error" defense found in 15 U.S.C. § 1640(c). This section provides a defense to *civil liability* for the failure to disclose information required under the Act. However, Section 1640(c) is inapplicable to

---

7. This Court adopts the reasoning in *Sosa v. Fite, supra* at 119, that the failure of a creditor to abide by the statutory requirements of 15 U.S.C. § 1635 results, inter alia, in retention of the loan proceeds by plaintiff without any further obligation on his part, since action by plaintiff is conditioned only upon initial creditor performance of its § 1635(b) obligations. *See* § 1635(b). Moreover, as the *Burley* Court stated, *supra* at 779, ". . . when [Congress] amended the Truth-in-Lending Act on October 28, 1974 (Pub.L. 93–495, 88 Stat. 1500), it did not choose legislatively to overrule or limit the . . . *Sosa* decisions regarding rescission."

8. *See Burley, supra* at 778. But cf. *Palmer v. Wilson,* 502 F.2d 860 (9th Cir. 1974). This Court is unaware of any First Circuit cases which have dealt with the rescission-forfeiture provisions of 15 U.S.C. § 1635(b).

a Section 1635 claim for *rescission*. Moreover, it has been held that § 1640(c) applies solely to clerical errors and not "good faith" errors of law. *Buford v. American Finance Company*, 333 F.Supp. 1243, 1247 (N.D.Ga. 1971). Therefore, this Court rejects the § 1640(c) argument set forth by defendant.

This Court has discussed the possibility (Footnote 5, *supra*) that defendant Warwick Credit Union may be liable for civil damages pursuant to 15 U.S.C. § 1640. There may be cases where both Section 1635 and Section 1640 relief may be available.[9] Since this Court believes that "the demands of legislative policy of full disclosure and the remedial nature of the Act" [10] will be effectuated with solely a § 1635(b) rescission-forfeiture remedy for plaintiffs under the facts of this case, the Court concludes that this is not an appropriate case for the award of both Section 1635 and Section 1640 relief and hereby declines to impose statutory damages or attorneys' fees [11] against defendant Warwick Credit Union.

Since the parties to this action appear to agree that Regulation Z, § 226.903 does not apply to the facts of this case, and since this case can be resolved without discussion of such section, the Court will not pass on this particular issue. Finally, the Court rejects defendant Warwick Credit Union's newly presented "novation" argument (which is based upon a state court stipulation) as being inapplicable to the resolution of this case.

To summarize, then, the Court hereby grants plaintiffs' motion for partial summary judgment and denies defendant Warwick Credit Union's motion for summary judgment. The Court hereby directs defendant Warwick Credit Union to cancel the October 1, 1973 mortgage, and return the note to plaintiffs together will all monies paid by them under such note. Counsel for plaintiffs are instructed to prepare for entry an order in conformity with this opinion.

**9.** *Sellers v. Wollman*, 510 F.2d 119, 122–123 (5th Cir. 1975). This Court will not follow the "election of remedies" rationale found in *Bostwick v. Cohen*, 319 F.Supp. 875 (N.D.Ohio 1970). *See Gerasta, supra* at 192.

**10.** *Gerasta, supra* at 192.

**11.** *See Sosa, supra* at 122 for the proposition that the award of such fees is discretionary with the court.