Jacqueline B. SMITH, on behalf of herself and others similarly situated

v.

A & B SALES, CO., INC. and Appliance Buyers Credit Corporation, Inc.

Civ. A. No. C79–238A.

United States District Court, N. D. Georgia, Atlanta Division.

Oct. 30, 1979.

---

478

Dwight Bowen, Bowen, Derrickson, Goldberg & West, Atlanta, Ga., for plaintiff.

Ronald L. Reid, Alston, Miller & Gaines, Atlanta, Ga., Arnstein, Gluck, Weitzenfeld & Minow, Chicago, Ill., for defendants.

## ORDER

TIDWELL, District Judge.

Plaintiff filed the above-styled class action on February 9, 1979 under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, to recover statutory damages, reasonable attorney's fees, and costs of suit by reason of Defendants' alleged violation of Regulation Z, a regulation promulgated by the Federal Reserve Board to effectuate and implement the Truth in Lending Act. Regulation Z was enacted pursuant to 15 U.S.C. § 1604, and is found at 12 CFR § 226.1 *et seq.* The complaint alleged that in connection with a consumer credit transaction entered into by Plaintiff, Defendants failed to clearly disclose the "new balance" and the "previous balance" as required by Section 226.7(b) of Regulation Z. The matter is presently before the Court on Defendants' motion to dismiss the complaint.

Section 226.7 of Regulation Z deals with specific disclosures to be made in connection with "open end" credit accounts. This term is defined at 12 CFR § 226.2(x) as follows:

"Open-end credit" means consumer credit extended on an account pursuant to a plan under which (1) the creditor may permit the customer to make purchases or obtain loans, from time to time, directly from the creditor or indirectly by use of a credit card, check, or other device, as the plan may provide; (2) the customer has the privilege of paying the balance in full or in instalments; and (3) a finance charge may be computed by the creditor from time to time on an outstanding unpaid balance. . . .

The regulations thus clearly indicate that the term "open end credit" means credit extended pursuant to a plan providing for continuing or repetitive transactions on credit. As such, they are intended to distinguish transactions made under a revolving or continuous credit arrangement, such as credit card or charge accounts, from single purchase credit transactions. *Maes v. Motivation for Tomorrow, Inc.*, 356 F.Supp. 47 (N.D.Cal.1973). An examination of the Retail Instalment Contract which is the basis for the present suit reveals that it

was executed in connection with a single purchase credit agreement covering the purchase of a washer and dryer. There is no indication of a plan providing for a continuous credit arrangement as contemplated by the regulations defining open end credit. Credit was extended for the purpose of purchasing the washer and dryer, and to that extent only. This being the case, Section 226.7(b) of Regulation Z, dealing with open end credit accounts, is not applicable to the transaction in controversy, and consequently, there has been no violation of this provision.

■ In addition, the pleadings indicate that the Retail Instalment Contract was executed by the parties on November 12, 1976. Since Plaintiff's complaint was not filed until February 9, 1979, it is barred by the one-year statute of limitations codified within the Truth in Lending Act, 15 U.S.C. § 1640(e). *See Munn v. American General Investment Corp.*, 364 F.Supp. 110 (S.D.Tex. 1973).

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint is hereby granted and sustained.

SO ORDERED, this the 30 day of October, 1979.