Austin C. **PALMER** and Helen M.
Palmer, husband and wife,
Appellees,

v.

Gladys S. **WILSON** et al., Appellants.

Nos. 73–1936, 73–2705, 73–2706.

United States Court of Appeals,
Ninth Circuit.

Aug. 16, 1974.

Bruce R. Thompson, District Judge, concurred and filed an opinion.

Eugene A. Wright, Circuit Judge, concurred in part and dissented in part and filed an opinion.

Sanford N. Diller (argued), San Jose, Cal., for appellants.

Ronald Senoway (argued), San Francisco, Cal., for appellees.

Before HUFSTEDLER and WRIGHT, Circuit Judges, and THOMPSON, District Judge.*

HUFSTEDLER, Circuit Judge:

Plaintiffs Austin and Helen Palmer brought this action under the Truth in Lending Act, 15 U.S.C. §§ 1601–1665, to recover the statutory penalty and attorney fees provided in section 1640 and to enforce their right of rescission pursuant to section 1635. The district court granted plaintiffs' motion for summary judgment and awarded both forms of relief requested; the defendants appeal.

The record before the district court at the time of plaintiffs' motion for summary judgment revealed that the note signed by the Palmers and the Broker's Loan Statement with which they were supplied omitted several credit terms required to be disclosed by the Truth in Lending Act, as implemented by Federal Reserve Board Regulation Z (12 C.F.R. § 226). The documents given to the Palmers failed to state the "total of payments" due (12 C.F.R. § 226.8(b)(3)) and failed to disclose the "amount financed" (*id.* § 226.8(d)(1)). Finance charges were not described in the uniform terms required by the regulations. (See, *e. g., id.* § 226.8(d)(2).) The defendants also failed to disclose properly the details of plaintiffs' right to rescind.[1]

■ The district court correctly held that these omissions violated the Truth in Lending Act and that plaintiffs were entitled to summary judgment. The defendants do not contest the fact that they omitted credit terms required to be disclosed by the Act, but rather argue that they are entitled to the benefits of the statutory exemption for violations that are "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." (15 U.S.C. § 1640(c).) The defendants' omissions and mislabeling of terms were not the result of clerical errors, which are the only violations this section was designed to excuse. (*See* Ratner v. Chemical Bank New York Trust Co. (S.D.N.Y.1971), 329 F. Supp. 270, 281–282 & n. 17.) Both the Broker's Loan Statement and the Installment Note in issue were printed, standard form instruments. The omissions and misstatements were part of defendants' usual credit practice and did not occur in spite of procedures designed to avoid unintentional violations of the Act.

In Eby v. Reb Realty, Inc. (9th Cir. 1974), 495 F.2d 646, we rejected defendants' contention that plaintiffs cannot successfully pursue both damages under section 1640 and rescission under section 1635. No election of remedies is required. The liability provision of section 1640 is a "civil penalty," which, unlike section 1635, is not intended to make the borrower whole.

■ Defendants also argue that the district court erred in enforcing plaintiffs' right of rescission because plaintiffs failed to tender the money loaned them at the time they notified defendants of their decision to exercise their right to rescind. Although tender of consideration received is an equitable prerequisite to rescission, the requirement was abolished by the Truth in Lending Act. Section 1635(a) provides that an obligor exercises his right of rescission solely by notifying the creditor within prescribed time limits of his intention to rescind. Section 1635(b) provides that upon ex-

---

* Honorable Bruce Thompson, District of Nevada, sitting by designation.

1. Other violations of the Act's disclosure provisions committed by defendants are de-

scribed in the opinion of the district court. Palmer v. Wilson (N.D.Cal.1973), 359 F. Supp. 1099, 1101–1102.

ercise by the debtor of his right of rescission, "any security interest given by the obligor becomes void . . . ." Within ten days after receipt of notice of rescission, "the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." Only then, "[u]pon the performance of the creditor's obligations under [section 1635]," must the obligor tender the property to the creditor. Section 1635(b) expressly provides that prior to performance of the required actions by the creditor, "[i]f the creditor has delivered any property to the obligor, the obligor may retain possession of it."[2]

■ In Eby v. Reb Realty, Inc., *supra*, we recognized that interaction of the right of rescission and the civil penalty provision of section 1640 can sometimes result in an unduly harsh penalty for violations of the Truth in Lending Act. This is particularly true where, as appears to be the case here, the decree granting rescission does not condition the relief upon the debtor's restoration of consideration, the creditor is reduced to the status of an unsecured creditor, and the debtors are judgment proof. Accordingly, in *Eby* we concluded that, although "sections 1635 and 1640 do not set forth exclusive remedies, we do not say that a court must always grant both forms of relief when requested. . . . In the absence of any clear con-

gressional statement, we think a request for both forms of relief is addressed to a court's sense of equity and may properly be denied in appropriate cases." Similarly, when an obligor seeks both to rescind and to recover statutory penalty and attorney fees, the district court has equitable power to grant both forms of relief; the court may condition the granting of rescission on the debtor's compliance with the court's order to tender to the creditor the principal of the loan that the debtor has received. The propriety of such a conditional decree of rescission, of course, will depend on the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act.

■ Although some district courts have conditioned rescission on tender of repayment by the debtor when both rescission and damages were sought (*e. g.,* Ljepya v. M. L. S. C. Properties (N.D. Cal.1973), 353 F.Supp. 866), the court below apparently was unaware that it had the equitable power to condition its decree. Accordingly, we vacate the judgment and remand the case for consideration of the propriety of conditioning the grant of rescission on repayment by the Palmers. Upon remand the district court may decide to invite submission of additional affidavits or may hold an evidentiary hearing on this point. It may also require the defendants to submit a

2. 15 U.S.C. § 1635(b) provides in full:
"When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor becomes void upon such a rescission. Within ten days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor

may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within ten days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it."

proposed plan for repayment that is consistent both with the defendants' desire to recover the amount of principal loaned to the Palmers and with the Palmers' current financial situation.

The judgment is vacated and the cause remanded for further proceedings consistent with the views herein expressed.

BRUCE R. THOMPSON, District Judge (concurring):

I concur with Judge Hufstedler but go farther. I believe that a court fashioning a decree in this type of case under the Truth in Lending Act must do equity and cannot ignore the plaintiffs' unpaid obligation for the principal sum of $9,300. Section 1635(b), Title 15, United States Code. If a rescission is demanded and effectuated without litigation, this Section requires the obligor to *return the property or its reasonable value to the creditor.* This, together with the Act's failure to void the principal obligation along with the security, is, for me, clear indication of Congressional intent that a complete windfall to the victim was not intended.

In the present case, defendants did not counterclaim for $9,300. Under Rule 13(a) of the Federal Rules of Civil Procedure, this is a compulsory counterclaim and the cause of action is lost if not asserted. Whatever tactical considerations may have influenced defendants' pleading, the net result of the judgment appealed from would be that plaintiffs have received $9,300 plus a judgment for $5,400 and are free from any obligation. This is so obviously inequitable and not in conformity with the intent of the legislation that it cannot be countenanced.

EUGENE A. WRIGHT, Circuit Judge (concurring in part and dissenting in part):

I concur in the majority opinion insofar as it holds that the defendants are not entitled to the protection of 15 U.S.C. § 1640(c). I respectfully dissent, however, from that portion of the majority opinion dealing with the equitable power of the district court to condition rescission on repayment by the plaintiffs. I would affirm the judgment of the district court.

Section 1635(b) provides that upon the debtor's election to rescind, the creditor's security interest in the debtor's home becomes *void.* There is no requirement that the debtor tender payment before rescission. Nor is there a provision that the security interest is merely voidable by petitioning the district court. Thus, when the plaintiffs exercised their right to rescind by notifying the defendants, the security interest automatically became void and unenforceable.

The majority opinion would permit the district court effectively to reinstate the security interest that § 1635(d) declares void, at least as it affects the rights of the debtor and creditor *inter se.* If rescission is conditioned on repayment and if the plaintiffs do not repay, the security interest would presumably still be in force. This is in direct conflict with § 1635(b). Indeed, conditioning the voiding of a security interest on repayment is effectively no remedy at all because, after repayment, the security interest has fulfilled its purpose and has lost its vitality.

Although the majority speaks of conditioning rescission on repayment, the remedy might be interpreted to mean merely that plaintiffs' obligation to repay the principal can be incorporated into the judgment of the district court and enforced by a court imposed lien. This would rescind the security interest, but the defendant would become a judgment creditor with a court imposed lien on plaintiffs' home. It would alter the creditors' right vis-à-vis third-party creditors, but it would permit the defendants to foreclose in the event of nonpayment.

But § 1635 was not enacted to benefit third-party creditors. Its purpose is "to blunt unscrupulous sales tactics by giving homeowners a means to unburden themselves of security interests exacted by such tactics." Eby v. Reb Realty, Inc., 495 F.2d 646 (9th Cir., 1974), citing 114 Cong.Rec. 1611 (1968) (remarks of Congressman Cahill). A court imposed lien subject to foreclosure on default might unburden third-party creditors, but it would not unburden the homeowner as intended by § 1635.

A final possible interpretation of the "condition" is that the district court may simply incorporate into its judgment the obligor's obligation, arising after rescission, to repay the principal. Presumably the defendants' interest under this interpretation could not be foreclosed but rather could be executed according to the respective rights of judgment creditors and debtors. Presumably, the debtor would be protected by homestead rights and any others accorded judgment debtors. This would relieve the debtor of the burdens of the security agreement, replacing them only with those burdens § 1635 leaves undisturbed, i. e. the burden of a judgment debtor of a general creditor.

This remedy would not directly frustrate the intent of § 1635(b), but neither is it necessary to protect the defendants' rights. They could have a similar result by suing on the debt in state court. Of course, incorporating this potential state judgment into the district court's decree would be judicially economical. But Fed.R.Civ.P. 13 concerning counterclaims is the proper vehicle on which the defendants should pursue their interest in avoiding repeated litigation. If Rule 13 would not permit a counterclaim or if the creditor declines to avail himself of its provisions, the court should not give him judgment on what essentially is a counterclaim. Moreover, reducing the creditor's rights to judgment without a trial on the merits deprives the obligor of the opportunity to assert whatever defenses he may have.

It is true that in Eby v. Reb Realty, Inc., *supra,* we held that a request for both rescission and a civil penalty was "addressed to a court's sense of equity." This is somewhat inconsistent with the absolute wording of § 1635 and § 1640. But accepting the conclusion of *Eby,* I would limit the court's equitable discretion to cases where a civil penalty would be an inequitable windfall to an over-reaching debtor. There is no evidence whatever of over-reaching by the plaintiffs; they sought merely to enforce their statutory remedies.

Of course, the rescission of a creditor's security interest is a harsh remedy if the debt is not otherwise collectible, but the defendants could have avoided it by complying with the requirements of the Act. Moreover, the possibility that the principal debt will be uncollectible is a common circumstance in cases of this sort. It is hardly an unusual situation where we might infer Congress did not intend the result. Although the remedy might be harsh, it is the one Congress adopted, and I would not substitute our judgment for its.

One aspect of the majority opinion should be noted. Since *Eby* is the source of equitable discretion relied upon by the majority, the holding appears limited to cases where the debtor seeks both rescission and a civil penalty. Where only rescission is sought, *Eby* no longer applies.

I would hold that plaintiffs are entitled to unconditional rescission under § 1635 and a civil penalty under § 1640. I would not permit the district court to enforce defendants' right to repayment. Accordingly, I would affirm the judgment of the district court in all respects.