Elizabeth VALENTINE and
Robert Valentine

v.

INFLUENTIAL SAVINGS AND
LOAN ASSOCIATION.

Civ. A. No. 82–3020.

United States District Court,
E.D. Pennsylvania.

June 29, 1983.

David A. Searles, Community Legal Services Inc., Philadelphia, Pa., for plaintiffs.

Franchot A.S. Golub, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This is an action arising out of a claim for violations of the disclosure requirements of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R. § 226, in which the plaintiffs seek judicial enforcement of their rescission of a loan made to them by the defendant, and an award of the statutory civil penalty. Jurisdiction is based upon the Act's specific jurisdictional grant, contained in 15 U.S.C. § 1640, and 28 U.S.C. § 1337. Before me are cross-motions for summary judgment. Upon consideration of these motions, the memoranda submitted by the parties, and for the reasons set forth below, plaintiffs' motion will be granted and defendant's motion is denied.

## I. FACTS.

A review of the record reveals that the following facts are not in dispute.

In June, 1979, plaintiff Elizabeth Valentine purchased the home at 3337 North "H" Street, Philadelphia, Pennsylvania. In October, 1979, plaintiffs applied for a loan from Salmon Building and Loan Association ("Salmon"). The application stated that Elizabeth Valentine was the owner of the home and that the purpose of the loan was to "refinance" the home for the purpose of "panelling, recement cellar walls, decorating." The title report acquired by Salmon in connection with the loan states that Elizabeth Valentine was conveyed the property by deed in June, 1979, and that there were no outstanding liens. Salmon lent the plaintiffs $4,500 on October 24, 1979. In connection with the loan, Salmon took a security interest in plaintiffs' home.

Salmon subsequently merged with Influential Savings and Loan Association ("Influential"), the defendant in this action. The Valentine loan contract was assigned by Salmon to Influential at that time.

On May 21, 1982, plaintiffs' counsel notified Influential by certified mail that plaintiffs were rescinding the loan. Defendant took no action within ten days of its receipt of plaintiffs' notice of rescission on May 22, 1982, to terminate its security interest in the real property owned and used by plaintiffs as their principal residence.

## II. DISCUSSION.

The Truth-in-Lending Act ("Act") guarantees the meaningful disclosure of credit terms so that consumers can more readily compare different financing options and their costs. 15 U.S.C. § 1601. In keeping with its purposes, it has been held that the Act is to be liberally construed in favor of the consumer. See Thomka v. A.Z. Chevrolet, Inc., 619 F.2d 246 (3d Cir.1980).

The meaningful disclosure of credit terms guaranteed by the Act is provided to the consumer in a disclosure statement. 15 U.S.C. § 1368 (1982). The Act dictates which credit terms must be included in this statement. Id. Regulation Z mandates that the requisite information be set forth in a clear, conspicuous and easily under-

standable manner. *See* 12 C.F.R. § 226.6 (1982).

Section 1635 of the Act applies when a creditor takes a security interest in a property that is used as the principal residence of the consumer. It provides that the consumer has the right to rescind the transaction until the end of the third business day following the transaction, or until the creditor delivers to the consumer the information, notification of rescission forms and disclosure statement that are required by the Act, whichever is later. 15 U.S.C. § 1635(a). Accordingly, if the disclosure statement does not comply with the disclosure requirements set forth in the Act, the consumer has an ongoing right to rescind the transaction for as long as the creditor fails to comply. 15 U.S.C. § 1635(f). There is a three-year limitations period for the right to rescind notwithstanding non-disclosure by the creditor. *Id.*

 In order to warrant the rescission remedy, the non-disclosure must be material. *Bustamante v. First Fed. Sav. & Loan Ass'n,* 619 F.2d 360, 363 (5th Cir.1980). An objective standard is utilized to determine whether a non-disclosure is material. The test is whether the disclosure violation relates to the information which would be important to a consumer's decision to obtain credit from a particular lender. *Id.*

When a consumer exercises his right to rescind, he is discharged from liability for any finance or other charge, and the security interest which he has given becomes void. 15 U.S.C. § 1635(b). Within ten days after receipt of the notice of rescission, the creditor must return to the consumer any money given as a down payment, earnest money, or otherwise, and must take appropriate action to terminate any security interest created. After the creditor has complied with these requirements, the consumer must tender the property obtained or its reasonable value to the creditor. *Id.*

In this case, the plaintiffs entered into the loan agreement with Salmon on October 24, 1979. On May 21, 1982, within the three-year statutory limit, plaintiffs' counsel informed the defendant that plaintiffs

were rescinding the loan. The issue presented, therefore, is whether the disclosure statement provided by Salmon to the plaintiffs failed to satisfy the requirements set forth in the Act, thus entitling plaintiffs to rescind the agreement.

Plaintiffs maintain that the disclosures made by Salmon were deficient in several ways. First, they allege that the defendants failed to disclose the finance charge and the total of payments. Second, they argue that the defendant failed to accurately disclose the security interest acquired. Third, they contend that the defendant failed to accurately disclose the amount of credit extended. Finally, they argue that the defendant failed to accurately disclose the charges included in the amount of credit extended. Because I find that the first two grounds alleged by plaintiff constitute violations of the Truth-in-Lending Act, it is unnecessary for me to decide the merits of the third and fourth grounds above. I also do not reach the merits of plaintiffs' final argument regarding the fact that Salmon utilized a purchase money mortgage loan form when making this loan, even though plaintiffs sought to obtain a home improvement loan.

Defendant does not argue that it is not liable for any violation of the Act which Salmon may have committed, but argues that Salmon complied with all requirements of the Act. Defendant contends that the use of the incorrect form by Salmon was due to a good faith clerical error. It maintains that despite the use of the incorrect form, the plaintiffs were given all the information required by the Act, in the form required by the Act. Thus, it argues, that it should not be held liable for a violation of the Act because bona fide errors made in the course of a good faith attempt at compliance with the requirements of the Act are exempt from liability under the Act. *Thomka v. A.Z. Chevrolet, Inc.,* 619 F.2d 246 (3d Cir.1980). Defendant has merely asserted this defense, however. It has not submitted any affidavits in support of this allegation, nor has it even stated any facts

in support of this assertion in its memorandum of law.

Alternatively, defendant contends that because it substantially complied with the terms of the Act, it is thus entitled to enforce the loan agreement or to receive complete repayment of the loan. This argument, however, directly contravenes the broad remedial purposes of the Act.

## A. Finance Charge and Total Payment Disclosures.

Plaintiffs argue that the finance charge and the total of payments are not properly disclosed on the statement issued by Salmon.

The disclosure form utilized by Salmon was entitled "real property transaction—purchase loan secured by first lien on a dwelling." Attached to the disclosure sheet was an additional sheet, entitled "Penna Supplement to Disclosure Statement as required by Act 6, of 1974." This sheet contained a notation "total interest, over 12 years [$]3,624.48." This sheet also contained a notation "total of payments." This disclosure statement is materially deficient for two reasons. First, the lender did not utilize the term "finance charge" in making its disclosure, but instead used the words "total interest over 12 years." Additionally, the lender did not disclose the final charge or the total of payments information on one side of one form, along with all the other requisite information.

Disclosures for credit other than open end credit must be made on one side of a separate statement that identifies the transaction. 12 C.F.R. § 226.8(a)(2) (1979). The lender did not comply with this requirement. Rather, it disclosed some information on the disclosure sheet, and other information was disclosed on an attached sheet. The disclosure sheet did not contain a notation referring the consumer to the attached sheet. Regulation Z also requires that the total amount of the finance charge, using the term "finance charge," be disclosed. Id. § 226.8(d)(3). On the attached sheet there is a notation regarding "total interest." Nowhere on either the disclosure form itself, or the attached sheet, does the term "finance charge" appear. Lenders are required to state the sum of all payments the consumer is required to make in connection with the loan. This figure must be disclosed by using the term "total of payments." Id. § 226.8(b)(3). This information is disclosed on the attached sheet. The disclosure form, however, does not contain this information.

Placing the information on two separate sheets of paper may lead to consumer confusion. Additionally, using terms different from those required by the Act may prevent the consumer from making the kind of informed comparison of the various types of credit available to him envisioned by the Act. The statement provided to the plaintiffs, therefore, contained material violations of the Act, giving the plaintiffs a continuing right to rescind the transaction. See Palmer v. Wilson, 502 F.2d 860 (9th Cir.1972).

## B. Description of Security Interest.

Plaintiffs also argue that the description of the security interest contained in the disclosure statement is deficient because it does not clearly identify the property the security interest covers.

Regulation Z requires that the creditor disclose a description of the type of security interest acquired by the creditor and a clear identification of the property to which the security interest relates. If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired. 12 C.F.R. § 226.8(b)(5). The disclosure statement in this case stated that the security would be a first mortgage "on property located at 3337 N. "H" Street, Philadelphia, PA. The documents executed in connection with this transaction cover all after-acquired property and also stand as security for future

advances, the terms for which are described in the documents."

First, the description is confusing and misleading because it may be interpreted to cover all personal property currently located at the address listed. The mortgage documents reveal that no such security interest was granted.

Second, the description appears to disclose a security interest in after-acquired personal property. It is not unlikely that the plaintiffs would interpret the disclosure to encompass after-acquired personal property in light of the type of loan they requested. They had applied for a home improvement loan, and not a loan with which to purchase the property. The mortgage in this case, however, applies only to the specific property designated in the mortgage instrument, 3337 N. "H" Street. The disclosure, as stated, is misleading. The disclosure statement provided to the plaintiffs contained a material violation of the Act because it contained no clear identification of the collateral the security interest was intended to cover. *See Bartlett v. Commercial Fed. Sav. & Loan Ass'n,* 433 F.Supp. 284, 286–87 (D.Neb.1977). Plaintiffs therefore had a continuing right to rescind the agreement.

### C. *Damages.*

■ If a creditor fails to comply with the Act's requirements, it may be liable for a penalty of twice the finance charge, up to a maximum of $1,000, plus attorney's fees and costs. 15 U.S.C. § 1640. The statutory penalty is applicable to violations of the Act's rescission requirements found in 15 U.S.C. § 1635. This right to damages, however, is subject to a one-year limitations period, which starts from the date of the occurrence of the violation. *Id.* § 1640(e). Defendant received plaintiffs' rescission letter on May 22, 1982. When defendant failed to respond to the rescission notice within the period set forth in § 1635, *i.e.,* by June 1, 1982, the defendant violated the Act. Since plaintiffs filed this action on July 13, 1982, their claim for damages is timely.

■ Defendant is liable for statutory damages under § 1640 of the Act for its failure to respond to plaintiffs' rescission notice. The defendant will be assessed the maximum statutory penalty of $1,000, because the finance charge involved here is $3,624.48. Defendant will also be liable for plaintiffs' costs and for reasonable attorney's fees. *See* 15 U.S.C. § 1640(a)(3). Plaintiffs here have requested that they each be awarded the maximum statutory penalty. In consideration of the 1982 amendments to the Act and all the circumstances of this case, I conclude that one award of $1,000 is appropriate.

### D. *Rescission.*

When an obligor validly exercises his right to rescind under the Act, he is not liable for any finance or other charge, and any security interest he has given becomes void. 15 U.S.C. § 1635(b). When the creditor receives notice of the rescission, it is obliged to return any downpayment or other payments it received from the borrower, and to take the action necessary to reflect the termination of the security interest. *Id.* Upon performance of the creditor's obligations, the borrower is required to return to the creditor the property he received or its reasonable value. *Id.*

■ Plaintiffs are no longer liable for the finance charge of $3,624.48. Plaintiffs had paid the defendant $1,916.23 prior to their rescission. This amount must be credited against the amount financed of $4,500. Plaintiffs submit that the remainder of their indebtedness should be forfeited by the defendant because it failed to fulfill its statutory obligation and terminate the security interest in plaintiffs' property. Such a ruling would contravene the legislative purposes of § 1635. The statutory procedures for rescission were designed to restore the parties to the *status quo ante. Mitchell v. Security Inv. Corp. of Palm Beaches,* 464 F.Supp. 650 (D.Fla.1979). Additionally, rescission is an equitable remedy and the court may condition it upon the borrower's return of the monies advanced

by the lender. *Palmer v. Wilson,* 502 F.2d 860, 862 (9th Cir.1974). Accordingly, plaintiffs must tender to the defendant the funds defendant advanced to them upon the termination of the security interest by the defendant and the defendant's return of any monies paid by the plaintiffs.

An appropriate order will be entered.

## ORDER

NOW, June 29, 1983, upon consideration of the parties' cross-motions for summary judgment, the memoranda submitted in support thereof, and for the reasons stated in the accompanying memorandum, IT IS ORDERED that:

1. Defendant's motion for summary judgment is DENIED.

2. Plaintiffs' motion for summary judgment is GRANTED, IN PART:

(a) The loan transaction dated October 24, 1979, was validly rescinded on May 21, 1982;

(b) The defendant shall pay to the plaintiffs $1,000 in statutory penalties within twenty (20) days from the date of this order.

3. The parties shall meet and prepare a proposed final order which reflects, in light of the rescission, the final disposition of all monies involved in this case. This proposed order shall be submitted to chambers not later than fifteen (15) days from the date of this order.

4. Plaintiffs shall submit, not later than ten (10) days from the date of this order, full and complete affidavits reflecting their attorneys' fees and costs. Defendant may respond within five (5) days.