In re Larry Aimo GREEN, Jean Elizabeth Green, Debtors.

BIC FINANCIAL SERVICES, INC., an Oregon corporation, Plaintiff,

v.

Larry Aimo GREEN, Jean Elizabeth Green, Robert W. Myers, Trustee, Defendants.

Larry Aimo GREEN, Jean Elizabeth Green, Plaintiffs,

v.

BIC FINANCIAL SERVICES, INC., an Oregon Corporation, Defendants.

Bankruptcy No. 382–04053.
Adv. Nos. 83–0581, 83–0608.

United States Bankruptcy Court, D. Oregon.

Sept. 9, 1983.

Joan Lisensky Volpert, Portland, Or., for BIC.

Frank J. Dixon, Portland, Or., for debtors.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon the complaint of BIC Financial Services, Inc. ("BIC") requesting relief from the automatic stay and the complaint of the debtors objecting to BIC's secured claim. Pursuant to a stipulation of the parties, both adversary proceedings were consolidated for trial on June 17, 1983.

The facts of the proceedings are as follows: On February 12, 1981, the debtors executed and delivered a promissory note to BIC in the amount of $19,231.69 plus interest of 19% per annum. On the same date, the debtors granted BIC a security interest in real property located at 10555 SE Sweetgum Way, Portland, Oregon, to secure the note. As a part of the transaction, BIC gave the debtors notice of their right to rescind the transaction and the debtors acknowledged receipt of the notice.

On December 16, 1982, the debtors filed a voluntary petition under chapter 13 of the Bankruptcy Code. On April 5, 1983, the debtors sent to BIC a notice of rescission of the February 12, 1981 loan transaction. On April 13, 1983, BIC responded by sending a letter which stated that the release of the debtors' security agreement would be conditioned upon return of the proceeds of the loan.

The debtors' first amended plan was filed on April 12, 1983. It does not treat BIC as a secured creditor and it provides for a 20% composition to unsecured creditors. On May 17, 1983, BIC filed an objection to the debtors' proposed plan on the grounds that it should be treated as a secured creditor rather than as an unsecured creditor. Subsequently, the two complaints which brought this dispute before the court, the relief from stay action filed by BIC and the objection to claim filed by the debtors, were filed. A hearing on confirmation of the debtors' plan was adjourned until after the court rules on the present matter.

The debtors contend that BIC failed to provide them with a notice of rescission in accordance with the requirements of the Truth-in-Lending Act, ("Act") 15 U.S.C. § 1635, and the regulations implementing the Act, Federal Reserve Board Regulation Z, 12 CFR 226.9(b). Thus, they argue that they were entitled under the provisions of the Act to exercise their right to rescind the February 12, 1981 loan transaction. The debtors contend that upon exercise of their rescission rights, BIC lost its security interest in the subject property. They further assert a right to civil penalties under 15 U.S.C. § 1640 based on: (1) the allegedly improper form of the notice of rescission; and (2) BIC's subsequent unwillingness to void their security interest.

It is BIC's position that the notice of rescission it provided to the debtors does comply with the requirements of the Act and the regulations implementing the Act. BIC contends that even if the court holds that the notice of rescission is inadequate, the debtors' rescission of the loan transaction was properly conditioned upon their repayment of the amount of the loan to BIC. BIC further contends that the debtors have no right to civil penalties both because the claim is barred by the statute of limitations and because BIC was entitled to condition rescission on repayment.

The issues before the court are: (1) whether the notice of rescission given by BIC to the debtors complies with the requirements of the Act and its implementing regulations; and (2) if the notice of rescission does not so comply, (a) whether the debtors' rescission of the transaction may be conditioned upon return of the consideration received; and (b) whether the debtors are entitled to civil penalties.

At the trial the parties agreed that the burden is on the debtors to establish that the notice of rescission did not comply with the Act and implementing regulations. See *Fort v. First Citizens Bank & Trust Co.*, 526

F.Supp. 22 (DCNC 1981), *aff'd,* 673 F.2d 1309 (4th Cir.1981).

It is clear that on the date of the transaction, February 12, 1981, BIC was required under the Act and Federal Reserve Board Regulation Z to furnish the debtors with a notice of rescission as set forth in 12 CFR 226.9(b):

"Notice to customer required by Federal law: You have entered into a transaction on *(date)* which may result in a lien, mortgage, or other security interest on your home. You have a legal right under Federal law to cancel this transaction, if you desire to do so, without any penalty or obligation within three business days from the above date or any later date on which all material disclosures required under the Truth-in-Lending Act have been given to you. If you so cancel the transaction, any lien, mortgage, or other security interest on your home arising from this transaction is automatically void. You are also entitled to receive a refund of any down-payment or other consideration if you cancel. If you decide to cancel this transaction, you may do so by notifying *(Name of creditor)* at *(Address of creditor's place of business)* by mail or telegram sent not later than midnight of *(date)*. You may also use any other form of written notice identifying the transaction if it is delivered to the above address not later than that time. This notice may be used for that purpose by dating and signing below.

I hereby cancel this transaction.
(date)   (customer's signature)"

Section 226.9(b) further requires that the creditor furnish the consumer with two copies of this notice.

The notice provided by BIC to the debtors was as follows:

"Notice To Customer Required By Federal Law: You have entered into a transaction on the date of loan shown above which may result in a lien, mortgage, or other security interest on your home. You have a legal right under federal law to cancel this transaction, if you desire to do so, without any penalty or obligation within three business days from the above date or any later date on which all material disclosures required under the Truth in Lending Act have been given to you. If you so cancel the transaction, any lien, mortgage, or other security interest on your home arising from this transaction is automatically void. You are also entitled to receive a refund of any down-payment or other consideration if you cancel. If you decide to cancel this transaction, you may do so by notifying the Lender whose name and address appears above by mail or by telegram sent not later than midnight of the above stated rescission date. You may also use any other form of written notice identifying the transaction if it is delivered to the above address not later than that time. This notice may be used for that purpose by dating and signing below.

I hereby cancel this transaction.
(date)   (customer's signature)"

The text of the notice given by BIC did not contain its name and address, the date of the transaction or the date when the rescission period ended. However, the text refers the consumer to this information which is provided directly above the text of the notice, and is clearly labeled. (See Appendix A). Neither the regulation nor Federal Reserve Board Commentary require the creditor to place this information directly in the text of the notice of rescission.

The purpose of the Truth-in-Lending Act is to promote "the informed use of credit" by assuring "meaningful disclosure of credit terms" to consumers. 15 U.S.C. § 1601. Congress was prompted to enact such a law to remedy the complete lack of uniformity among lenders in the disclosure of the cost of credit. By the Act, Congress sought to standardize credit terms so that consumers would be able to make meaningful comparisons of available credit alternatives. 15 U.S.C. § 1601.

Thus, it is not surprising that there are several cases which have held that the requirements of the Act are to be strictly enforced where a lender uses a credit term which deviates from a credit term pre-

scribed in the Act. · *Mason v. General Finance Corp. of Va.,* 542 F.2d 1226 (4th Cir. 1976) (disclosure statement mixed state and federal disclosure terms); *Pennino v. Morris Kirschman & Co.,* 526 F.2d 367 (5th Cir.1976) (use of term "balance" instead of "new balance"); *Ives v. W.T. Grant,* 522 F.2d 749 (2nd Cir.1975) (use of term "amount financed" instead of "unpaid balance"). See also *Walker v. College Toyota, Inc.,* 519 F.2d 447 (4th Cir.1975) (failure to disclose "deferred payment price").

In their memorandum, the debtors cite the Oregon district court case of *Woods v. Beneficial Finance of Eugene,* 395 F.Supp. 9 (D.Or.1975), for the proposition that there are no technical violations of the Truth-in-Lending Act. In *Woods,* the court found that the finance company's disclosure statement violated the Act in several respects. As a preamble to its holding, the court noted that although the regulations enacted to implement the "meaningful disclosure" standard of the Act are rather technical, the remedial nature of the Act demands strict compliance. The disclosure statement before the court clearly violated the following requirements of the Act:

(1) that a creditor include the cost of credit life and credit disability insurance within the finance charge unless the fact that insurance coverage is not a factor in extending credit is clearly disclosed in writing and the consumer gives specific affirmative written indication of his desire to obtain coverage after written disclosure of the cost of the insurance;

(2) that a creditor include the cost of household contents insurance within the finance charge unless the creditor gives the consumer a clear, conspicuous and specific statement in writing setting forth the cost of the insurance if obtained through the creditor and stating that the consumer may choose the person through which the insurance is to be obtained;

(3) that a creditor disclose and fully explain any right of acceleration; and

(4) that a creditor clearly identify the property covered by a security interest.

In *Woods,* the court held that the failure to meet these requirements misled the consumer and prevented her from making an informed decision about the credit transaction in question.

In the present case, there is no deviation from prescribed terminology, no lack of explanation, and no ambiguity in identification. All the information required by law to be contained in a notice of rescission is contained in the notice given by BIC to the debtors. Thus, the court finds that the notice in question does comply in full with 12 CFR 226.9(b). It follows that pursuant to the February 12, 1981 loan transaction between the parties BIC holds a valid security interest in the debtors' property located at 10555 SE Sweetgum Way, Portland, Oregon.

Having found that no violation of the Truth-in-Lending Act or its implementing regulations has occurred, it is not necessary to decide whether a creditor may condition a debtor's exercise of his rescission rights under the Act by a demand for repayment of the amount loaned. Nor is it necessary to reach the question of the debtors' entitlement to civil damages had a violation occurred.

Nonetheless, the court will point out that the Ninth Circuit has allowed rescission to be conditioned upon repayment of the funds advanced where violations of the Act were not egregious and equities heavily favored the lenders. *LaGrone v. Johnson,* 534 F.2d 1360 (9th Cir.1976); *LJepava v. MLSC Properties,* 511 F.2d 935 (9th Cir.1975); *Palmer v. Wilson,* 502 F.2d 860 (9th Cir. 1974).

Based on the foregoing, it appears that the debtors' objection to BIC's proof of claim on the grounds that it is not secured must be denied. BIC's request for relief from stay will also be denied until the debtors are given an opportunity to amend their chapter 13 plan to conform with the court's memorandum opinion. An order will be entered herein denying the relief requested in adversary proceedings 83–0608 and 83–0851.

**240**

This memorandum opinion shall constitute findings and conclusions under Bankruptcy Rule 752.

## APPENDIX A

### IDENTIFICATION OF TRANSACTION

NAME OF CREDITOR

SIC FINANCIAL
SERVICE, INC.
500 N.E. MULTNOMAH, STE. 65
PORTLAND, OR 97232
PHONE 503 232-7964

Date finance charge begins to accrue if other than date of loan

Rescission period ending date if no date appears no rescission period required

| ACCOUNT NO | TYPE | | |
|---|---|---|---|
| 25706453 | A | 02/18/81 | 02/17/81 |

00156

| CUSTOMERS NAME AND ADDRESS | RESIDENCE ADDRESS (IF NOT SAME) |
|---|---|
| GREEN,,LARRY AIMO, JEAN ELIZABETH | |
| 10555 S.E. SWEETGUM | |
| PORTLAND, OREGON, 97266 | |

| DATE OF LOAN | FIRST INSTALMENT DUE DATE | OTHERS SAME DAY OF EACH MONTH | FINAL INSTALMENT DUE DATE | FIRST INSTALMENT $ | OTHER INSTALMENTS $ | TOTAL OF PAYMENTS PAYABLE IN |
|---|---|---|---|---|---|---|
| 02/12/81 | 03/18/81 | | 02/18/91 | 359.00 | 359.00 | 120 MONTHLY INSTALMENTS |

$ 4308000 TOTAL OF PAYMENTS

**Notice To Customer Required By Federal Law:**

You have entered into a transaction on the date of loan shown above which may result in a lien, mortgage, or other security interest on your home. You have a legal right under federal law to cancel this transaction, if you desire to do so, without any penalty or obligation within three business days from the above date or any later date on which all material disclosures required under the Truth in Lending Act have been given to you. If you so cancel the transaction, any lien, mortgage, or other security interest on your home arising from this transaction is automatically void. You are also entitled to receive a refund of any downpayment or other consideration if you cancel. If you decide to cancel this transaction, you may do so by notifying the Lender whose name and address appears above by mail or by telegram sent not later than midnight of the above stated rescission date. You may also use any other form of written notice identifying the transaction if it is delivered to the above address not later than that time. This notice may be used for that purpose by dating and signing below.

**I hereby cancel this transaction.**