In re Larry Aimo GREEN, Jean Elizabeth Green, Debtors.

Larry Aimo GREEN, Jean Elizabeth Green, Plaintiffs/Appellants,

v.

BIC FINANCIAL SERVICES, INC., an Oregon corporation, Defendant/Appellee.

Civ. No. 83–1867.
Bankruptcy No. 382–04052.
Adv. No. 83–0608.

United States District Court,
D. Oregon.

Jan. 18, 1985.

Rehearing Denied March 15, 1985.

Frank J. Dixon, Sanders, Dixon, Nicholls, Siegel & Friedman, Portland, Or., for plaintiffs Green.

Joan L. Volpert, Martin, Bischoff, Templeton, Biggs & Ericsson, Portland, Or., for defendant BIC Financial.

## ORDER

BELLONI, District Judge.

Plaintiffs appeal from an adverse decision of the Bankruptcy Court. 33 B.R. 236 (1983). The issue before this court is whether the defendant's notice of recission complied with 12 C.F.R. § 226.9(b) (1981), Federal Reserve Board Regulations, implementing the Truth-in-Lending Act, 15 U.S.C. § 1635 (1981).

Defendant's notice of recission was given to the plaintiff in February, 1981, as part of a loan transaction. In December, 1982, plaintiffs filed a voluntary petition under Chapter 13 of the Bankruptcy Code. In April of 1983 plaintiff attempted to rescind the loan transaction, claiming the original notice of recission did not comply with the Truth-in-Lending Act, and the regulations implementing it, 12 C.F.R. § 226.9(b).

The Bankruptcy Court decided defendant's notice of recission complied with the applicable regulations. This court agrees with the Bankruptcy Court.

■ Plaintiffs have the burden of establishing that the notice of recission did not comply with the Act and implementing regulations. *See Fort v. First Citizens Bank & Trust Co.*, 526 F.Supp. 22 (MD NC 1981), aff'd 673 F.2d 1309 (4th Cir.1981). Plaintiffs claim the notice is defective because the text of the notice did not contain the defendant's name and address, the date of the transaction, or the date when the recission period ended. Instead, the text refers the consumer to this information, which is provided directly above the text of the notice and is clearly labeled.

■ Neither the regulations nor Federal Reserve Board commentary specifically require the creditor to place this information directly in the text of the notice of recission. The revised regulations, 12 C.F.R. § 226.15(b) (1984), no longer provide any required form for the notice of recission. Federal Reserve Board Official Staff Public Information Letter No. 888 (April 8, 1975) does not address the issue presented in this case. In that letter, the Federal Reserve Board only advised that the creditor had the "responsibility for determining and setting forth the dates in the notice of opportunity to rescind." In the present case, the defendant did provide and label all necessary information. In addition, it should be noted that plaintiffs do not claim that they were actually misled about their right to rescind by the defendant's notice.

In summary, the Bankruptcy Court's decision is affirmed.

IT IS SO ORDERED.