139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rita P. DINSMORE-THOMAS, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, as statutory
successor-in-interest to Resolution Trust
Corporation, as Receiver for HomeFed
Bank, F.S.B., Defendant-Appellee.
Rita P. DINSMORE-THOMAS, Plaintiff-Appellee,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, as statutory
successor-in-interest to Resolution Trust
Corporation, as Receiver for HomeFed
Bank, F.S.B., Defendant-Appellant.
 No. 96-55594.
D.C. No. CV-92-00197-GLT-1A.
D.C. No. CV-92-00197-GLT.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Central District of California Gary L. Taylor, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rita P. Dinsmore-Thomas appeals pro se the district court's judgment and order in favor of the Federal Deposit Insurance Corporation ("FDIC")[1] in her action under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1665, alleging that Dinsmore-Thomas was not required to repay her lender the principal amount of her home loan because the lender failed to rescind her loan as requested in 1991. The FDIC cross-appeals the district court's order reinstating the promissory note for a reduced amount rather than the full amount of the loan. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Dinsmore-Thomas contends that the district court erred by exercising its equitable powers to condition rescission upon her return of the loan balance received. We disagree.
 
 
 4
 The court may modify statutory rescission procedures. See 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(4). The court has the equitable power to condition a grant of rescission on a borrower's tender of the net loan principal received. See Palmer v. Wilson, 502 F.2d 860, 862 (9th Cir.1974).
 
 
 5
 Here, it is undisputed that Dinsmore-Thomas was not given proper notice of her right to rescind, and timely attempted to rescind the loan transaction. After weighing the equities, the district court properly conditioned Dinsmore-Thomas' rescission on repayment of the net loan principal received. See 15 U.S.C. § 1635(b); Palmer, 502 F.2d at 862. In addition, after Dinsmore-Thomas failed to satisfy the repayment condition, the district court properly reinstated the promissory note for the reduced sum of $96,739.63 rather than the full amount of $180,750.00. See 15 U.S.C. § 1635(b); Palmer, 502 F.2d at 862.
 
 
 6
 The district court properly concluded that RTC, as receiver, was exempt from civil penalties under 15 U.S.C. § 1640 because no civil penalty for any TILA violation may be imposed upon an agency of the United States. See 15 U.S.C. § 1612; see also 12 U.S.C. § 1441a(b)(1)(B) (stating that RTC, when acting as receiver, is deemed to be agency of United States to same extent as FDIC when acting as receiver); 12 U.S.C. § 1825 (stating that FDIC shall not be liable for any penalties or fines).
 
 
 7
 The district court properly found that Dinsmore-Thomas waived her non-TILA claims.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The FDIC is the statutory successor-in-interest to the Resolution Trust Corporation ("RTC"), which was acting as receiver for HomeFed Bank F.S.B. after HomeFed became insolvent. See 12 U .S.C. § 1441a(m)(1)